UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

# 07-23367-CIV-UNGARO/O'SULLIVAN

JOSE ERNESTO MARTINEZ,
an individual,

        Plaintiff,

vs.

MOTM HOLDING, LLC,
a Delaware Limited Liability Company,

        Defendant.

_____/

```
FILED by   JC   D.C.
ELECTRONIC

DEC. 26, 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## COMPLAINT

Plaintiff, JOSE ERNESTO MARTINEZ, through his undersigned counsel, hereby files this Complaint and sues MOTM HOLDING, LLC, a Delaware limited liability company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, JOSE ERNESTO MARTINEZ, (hereinafter referred to as" MR. MARTINEZ") is

1

a resident of the State of Florida.

4       MR. MARTINEZ suffers from cerebral palsy, which causes him to be confined to a wheelchair. The condition also creates a spasticity in his arms and hands, which makes it extremely difficult to grip any objects.

5.      Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.      The Defendant, MOTM HOLDING, LLC, (hereinafter referred to as "MOTM HOLDING"), is a Delaware limited liability company. Upon information and belief, MOTM HOLDING is the owner, lessee, and/or operator of the real properties and improvements which are the subject of this action, to wit: the Properties, located at 750 West 49th Street, Hialeah, Florida 33012, 790 West 49th Street, Hialeah, Florida 33127 and 620-748 West 49th Street, Hialeah, Florida, 33012.

7.      All events giving rise to this lawsuit occurred in the Southern District of Florida, Miami-Dade County.

**COUNT I - VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT**

8.      Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.      The Properties are places of public accommodation, subject to the ADA, located at 750 West 49th Street, Hialeah, Florida 33012, 790 West 49th Street, Hialeah, Florida 33127 and 620-748 West 49th Street, Hialeah, Florida, 33012, in the County of Miami-Dade.

10.     Between April 2007 and the present, MR. MARTINEZ visited the properties, located 750 West 49th Street, Hialeah, Florida 33012, 790 West 49th Street, Hialeah, Florida 33127 and

2

620-748 West 49th Street, Hialeah, Florida, 33012, numerous times.

11.   During these visits, MR. MARTINEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

12.   MR. MARTINEZ continues to desire to visit the properties, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which continue to exist.

13.   MR. MARTINEZ plans to and will visit the properties in the future to utilize the goods and services

14.   MOTM HOLDING is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, the following barriers to access at the properties:

  A. inaccessible parking throughout the facilities due to uneven in pavement;

  B. inaccessible access aisles throughout the facilities due to excessive slopes and ramps in access aisles;

  C. inaccessible entrances to stores throughout the faclities due to excessive slopes and lack of level landings;

  D. inaccessible paths of travel throughout the facilities due to excessive slopes, lack of proper handrails, and excessive cross slopes;

  E. improper accessible routes from the wheelchair seating locations to emergency exits;

  F. improper ramps throughout the facility due to excessive slopes and cross slopes;

G.  improper doors and doorways throughout the facility including non-compliant hardware, pull side clearance, threshold heights, and widths;

H.  inaccessible restrooms located throughout the facility;

I.  inaccessible checkout/payment counters throughout the facility due to excessive heights;

J.  lack of appropriate signage designating handicap accessible routes, handicap accessible restrooms, and handicap designated parking;

K.  protruding objects throughout the facility;

L.  lack of adequate accessible parking at the facility; and

M.  lack of accessible concession stands due to excessively high counters.

15.  The discriminatory violations described in Paragraph 14 are not exclusive lists of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16.  To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.  Independent of his intent to return as a patron to the stores located on the property, Plaintiff additionally intends to return to the property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18.  Removal of the barriers to access located on the property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

4

19. Removal of the barriers to access located on the property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by MOTM HOLDING pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against MOTM HOLDING, and requests the following injunctive and declaratory relief:

        A.     That the Court declares that the properties owned and administered by MOTM HOLDING are in violation of the ADA;

        B.     That the Court enter an Order directing MOTM HOLDING to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

        C.     That the Court enter an Order directing MOTM HOLDING to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow MOTM HOLDING to undertake and complete corrective procedures.

        D.     That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

        E.     That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

5

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By:_____
     Louis I. Mussman, Esq.
     Bar #: 597155
     Brian T. Ku, Esq.
     Bar #: 610461

6

§JS 44   (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOSE ERNESTO MARTINEZ | MOTM HOLDING, LLC |

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Ku & Mussman, P.A.
11098 Biscayne Blvd., Suite 301, Miami, FL 33161
Tel.: (305) 891-1322

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

*(handwritten)* Dade 07 - 23367- CW - Ungaro

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☑ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | **FEDERAL TAX SUITS** | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN  (Place an "X" in One Box Only)

☑ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Re-filed- (see VI below)

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO        b) Related Cases ☐ YES ☑ NO

JUDGE                                DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Americans With Disabilities Act, 42 U.S.C. § 12181, et seq.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23        DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   12/21/07

FOR OFFICE USE ONLY

AMOUNT   350        RECEIPT #   972364        IFP